UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMELIA NEGRON,

        Plaintiff,

  - against -

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF CORRECTION (DOC);
DORA SCHRIRO, *Commissioner of DOC*; ALAN
VENGERSKY, *Assistant Commissioner of
Personnel*, EMMANUAL BAILEY, *Warden of
the Eric M. Taylor Center (EMTC)*; W. TAYLOR,
*Deputy Warden of Security*; S. MORALES,
*Assistant Deputy Warden for EMTC, Shield No.
1055*; MITCHELL CHRISTOPHER, *Area
Captain for EMTC, Shield No. 350*; FELICIA
JIMENEZ, *Area Captain for EMTC, Shield No.
1184*; K. WILLIAMS, *Control Room Captain for
EMTC, Shield No. 1389*; KIESHA DAVIS,
*Captain assigned to EMTC, Shield No. 855*; C.
REID, *Correction Officer assigned to EMTC,
Shield No. 15875*; S. MEDINA, *Correction Officer
assigned to EMTC, Shield No. 8672*; NORMAN
SEABROOK, *President for the Correction
Officers Benevolent Association*; TYSON JONES,
*Firearms Instructor and Correction Officer*; and
MIKE CARNELLO, *Firearms Instructor and
Correction Officer*,

        Defendants.
-------------------------------------------------------------X

**ORDER**
10-CV-2757 (RRM)(LB)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

    Plaintiff, proceeding *pro se*, commenced this action on June 16, 2010 pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA") and the National Labor Relations Act, 29 U.S.C. § 151, *et seq.* ("NLRA"). By motions filed January 5, 2011, the City defendants moved to dismiss the complaint pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6) and defendant Norman Seabrook moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] (Doc. Nos. 19, 23.) By Order entered January 25, 2011, this Court referred the motions to the assigned Magistrate Judge, the Honorable Lois Bloom, for a Report and Recommendation. On September 14, 2011, Judge Bloom issued a Report and Recommendation (the "R&R") (Doc. No. 24) recommending that the City defendant's Rule 12(b)(1) motion be denied; that the City defendant's Rule 12(b)(6) motion be granted in part and denied in part; and that defendant Seabrook's Rule 12(c) motion be granted. (R&R at 37.) Judge Bloom directed that all claims against the City defendants should be dismissed except for plaintiff's reasonable accommodation claim under the ADA against defendant City of New York. *Id.* Judge Bloom reminded the parties that, pursuant to Rule 72 of the Federal Rules of Civil Procedure, any objection to the R&R was due within 14 days of service of the R&R. No party has filed any objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed Magistrate Judge Bloom's very thorough and well-reasoned R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Accordingly, the R&R is adopted in its entirety.

---

[1] The "City defendants" include City of New York, New York City Department of Correction ("DOC"), Commissioner Dora Schriro, Assistant Commissioner Alan Vengersky, Warden Emmanual Bailey, Deputy Warden W. Taylor, Assistant Deputy Warden S. Morales, Area Captain Mitchell Christopher, Area Captain Felicia Jimenez, Control Room Captain K. Williams, Captain Kiesha Davis, Correction Officer C. Reid, Correction Officer S. Medina, Correction Officer Tyson Jones, and Correction Officer Mike Carnello. While Carnello has not made an appearance in this case, the Court may nevertheless dismiss claims *sua sponte* against non-appearing defendants, like Carnello, so long as the plaintiff is "given notice and 'an opportunity to be heard.'" *See Wachtler v. Cnty. of Herkimer,* 35 F.3d 77, 82 (2d Cir. 1994) (citation omitted) (holding that district court did not err in dismissing a claim *sua sponte* against a non-responsive defendant where plaintiff was given notice of a motion to dismiss by some defendants). Given that the other defendants' motion to dismiss argued that facts alleged regarding Carnello were not actionable, and plaintiff was given an opportunity to respond to that argument, plaintiff was on sufficient notice to justify dismissal as to Carnello. (City Defendants' Mot. to Dismiss (Doc. No. 19-6), at 8-9.)

2

## CONCLUSION

The City defendants' motion to dismiss pursuant to Rule 12(b)(1) is DENIED, and the City Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED in part and DENIED in part. As such, all claims against the City defendants are hereby DISMISSED with the exception of plaintiff's reasonable accommodation claims under the ADA. Defendant Norman Seabrook's motion for judgment on the pleading pursuant to Rule 12(c) is GRANTED on plaintiff's duty of fair representation claim under the NLRA, and the Clerk of Court shall enter judgment accordingly in favor of defendant Seabrook and as against plaintiff.

This matter is recommitted to Magistrate Judge Bloom for all pre-trial matters. The parties are reminded of the Magistrate Judge's Order directing the filing of an answer to plaintiff's reasonable accommodation claims within fourteen days of this Court's adoption of the R&R.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
October 3, 2011

_____
ROSLYNN R. MAUSKOPF
United States District Judge